# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GREG VANDERWAGEN, et al.,**

　　　　Plaintiffs,

vs.                                                                            No. CIV 98-20 LCS

**J.C. PENNEY LIFE INSURANCE COMPANY,**

　　　　Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes on the parties' cross-motions for summary judgment, filed on August 27, 1998.  The Court, having considered the pleadings, the memoranda submitted by the parties and the applicable law, finds that the Defendant's Motion is well-taken and it will be granted.  The Plaintiffs' Motion is not well-taken and it will be denied.[1]

On July 29, 1996 decedent Richard Vanderwagen was killed while operating a bulldozer. On that date, he was covered under two insurance policies issued by Defendant J.C. Penney Life Insurance Company ("J.C. Penney").  The policies each contained three payment provisions. Combined, they obligated J.C. Penney to pay the beneficiaries $1,250,000 if Vanderwagen died while traveling by common carrier; $200,000 if he died in a "land motor vehicle accident", and $80,000 if he died in any other kind of  accident.  J.C. Penney paid $80,000 to Plaintiffs Greg Vanderwegen and Deborah Lucas, ("the beneficiaries") under the policies.  The beneficiaries

---

[1]The parties consented to a United States Magistrate Judge's deciding these dispositive motions.  See 28 U.S.C. Sec. 636 (c)(1).

contend that they should have received $200,000, because the accident in which Vanderwagen died occurred in a  land motor vehicle.  Accordingly, the sole issue in this case is whether a bulldozer is a land motor vehicle under the two accidental death insurance policies.

This is a diversity case, brought under 28 U.S.C. Sec. 1332. In a diversity case, the court applies the substantive law of the state in which it sits.  *Jaeco Pump Co. v. Inject-o-meter Mfg. Co.*, 467 F.2d 317, 319 (10th Cir. 1972).  Accordingly, this Court applies the substantive law of New Mexico. However, if  a contract provides that disputes shall be governed by a foreign state's substantive law, and that law does not contravene New Mexico's public policy, New Mexico Courts apply the foreign state's substantive law.  *Reagan v. McGee Drilling Corp.*, 933 P.2d 867, 869 (Ct. App. N.M. 1997).  Because the insurance contracts at issue provide that Illinois law should be applied to any disputes about their meaning, this Court will apply Illinois law.

Unlike a typical contract, where questions about the interpretation of an ambiguous provision are the province of the jury, "The interpretation of an insurance policy is a question of law properly decided on a motion for summary judgment." *Steinberg v Universal Underwriters Insurance Co.,* 650 N.E.2d 14, 15-16 (Ct. App. Ill. 1995).  This is so because, if the terms of an insurance policy are ambiguous, it must be construed in favor of the insured; however, if the terms are unambiguous, the policy will be enforced as written. *Illinois Farmers Insurance Co. v. Cisco ex rel. Estate of Cisco*, 664 N.E.2d 235, 237 (Ct. App. Ill. 1996).  Therefore, if the term "land motor vehicle" is susceptible to two equally plausible interpretations, one of which includes bulldozers and one which does not, Plaintiffs would automatically prevail; on the other hand, if the two competing interpretations are not more or less equally plausible, the more plausible interpretation controls. *See Krantz v. Chessick*, 668 N.E. 2d 77, 81 (Ct. App. Ill. 1996).

2

The term "land motor vehicle" is defined similarly in the two policies:

(Policy # 82AK394615)  LAND MOTOR VEHICLE includes any gasoline, diesel or similarly powered  vehicle *customarily used for transportation on land and for which the operator is normally  licensed.*  This category includes, but is not limited to, those vehicles considered "Private Passenger Automobiles" by this certificate.  Also included are two wheeled vehicles (motorcycles, motorscooters) and vehicles with more than four wheels (tractor/trailer rigs, flat bed trucks).  Farm equipment, unless specifically designed and primarily used for transportation, is excluded.

(Policy # 82AP659576)  LAND MOTOR VEHICLE includes any gasoline, diesel , or similarly powered vehicle *customarily used for transportation on land and for which the operator is required by law to be licensed.*  This category includes, but is not limited to, those vehicles considered "Private Passenger Automobiles" by this Certificate.  Also included  are two-wheeled vehicles (motorcycles, motorscooters) and vehicles with more than four wheels (tractor/trailer rigs, flat bed trucks).  Farm equipment and fork lifts are specifically excluded.

[*emphasis added*]

J.C. Penney first contends that a bulldozer is not customarily used for transportation, because its function is not to transport people or goods.  Accordingly, it is not a land motor vehicle as that term is defined in the policy.  The beneficiaries contend that it is customarily so used, as it  transports itself  whenever it is operated.

The inquiry for the Court is whether the term is ambiguous.  Starting with a general definition, "To transport means to convey or carry from one place to another", *Sacramento Nav. Co. v. Salz,* 273 U.S. 326, 329 (1927), and applying that term to the examples given  in the policies, it seems clear that motorcycles and automobiles are customarily used for carrying people from one place to another, while trucks and tractor/trailer rigs are customarily used for carrying goods from one place to another.  While one might argue that a bulldozer carries earth from one place to another, it is more accurate to characterize its action as pushing earth in order to alter the shape of the land, rather than carrying earth from one place to another.

3

As these two interpretations of the term "customarily used for transportation" are not more or less equally plausible, the term is not ambiguous, and J.C. Penney's more plausible interpretation controls.  The Court finds that a bulldozer is not customarily used for transportation, and thus it is not a land motor vehicle as that term is defined in the policies. Accordingly, the beneficiaries are not entitled to the $200,000 benefits payable under those terms of the policies.

Even if the term "customarily used for transportation" were ambiguous, J.C. Penney contends that a person is not normally licensed to operate a bulldozer, and is not required by law to have a license in order to operate a bulldozer.   The beneficiaries concede in their statement of undisputed material facts that no special license is required to operate a bulldozer.  Accordingly, a bulldozer cannot be a land motor vehicle as the term is defined in the second policy.  As to the first policy, however,  they contend that because bulldozer operators normally have driver's licenses, a bulldozer is a vehicle for which the operator is normally licensed, and thus, it is a land motor vehicle as the term is defined in the second policy.

Again, the  inquiry is whether the term "normally licensed" is ambiguous.   J.C. Penney contends that the term means that normally, a license is issued to allow a person to engage in a specific activity,  while the beneficiaries contend  it means that persons who engage in the specific activity normally have a license which allows them to engage in a related general activity, even though they do not need a license to engage in the specific activity.  The Court finds that these two interpretations of the term "normally licensed" are not more or less equally plausible, and accordingly, that the term is not ambiguous.  Therefore, the more plausible interpretation of the term, J.C. Penney's interpretation, controls.

Since operating a bulldozer is not an activity for which the law requires a license, or one which is normally licensed, a bulldozer is not a land motor vehicle as the term is used in the policies at issue in this case.  Accordingly, the beneficiaries are not entitled to the $200,000 benefit  payable for a Land Motor Vehicle accident.  J.C. Penney's Motion for Summary Judgment will be granted.

## ORDER

THIS MATTER having come on the parties' cross-motions for summary judgment, and the Court having entered a Memorandum Opinion of even date;

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (docket entry # 22 ) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's  Motion for Summary Judgment (docket entry # 18 ) is **GRANTED,** and this case is  **DISMISSED with PREJUDICE**.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

6